UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MARK ANTHONY SMILEY,

                Plaintiff,

v.                                                Case No. 24-cv-1192-pp

DR. PHILLIP WHEATLEY, *et al.*,

                Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Plaintiff Mark Anthony Smiley, who is incarcerated at Oshkosh Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that the defendants violated his rights under federal and state law. This order resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prison trust account. Id.

On September 24, 2024, the court ordered the plaintiff to pay an initial partial filing fee of $7.12. Dkt. No. 5. The court received that fee on October 10, 2024. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

    A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated person raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cnty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes liberally complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.  The Plaintiff's Allegations

The complaint names as defendants Dr. Phillip Wheatley, Assistant Health Services Unit (HSU) Manager Kelly Pelky, HSU Manager Julie Ludwig, former Oshkosh Warden Cheryl Eplett and Dr. Michelle Hormes. Dkt. No. 1 at 1. The plaintiff alleges that on December 5, 2021, he had a tooth extraction "that caused [him] to have a sickle cell crisis." Id. at 2. He alleges that Dr. Wheatley put him on tramadol for three days before taking him off that medication and giving him "falsified information and documentation concerning [his] sickle cell retinopathy, nephropathy, private prisms and sickle cell anemia." Id. The plaintiff says he has "had multiple medical sistuations

[*sic*] happen since," including "private prisms[,] chronic vomiting, sickle cell crisis that has resulted in severe chronic pain and blindness." Id. at 2–3.

The plaintiff alleges that he wrote to the HSU multiple times requesting help from Ludwig, Pelky and "H. Hollander" (who is not named as a defendant). Id. at 3. He says he was not given "proper follow up appointments with UW Madison," "proper medications to treat [his] sickle cell anemia," "proper nutrients and food that [he] need[s] for [his] sickle cell" or "proper medical encounters with [his] medical team that's according to there [*sic*] assessment plan and progress notes." Id. The plaintiff alleges that the defendants "knew and disregarded information that pertains to [his] wellbeing and living condition." Id.

The complaint includes three pages of names of prison and medical officials. Id. at 4–6. None of these persons are listed as defendants in the caption of the complaint, and the plaintiff does not explain who they are or how they were involved in his medical care. The plaintiff also attached 267 pages of exhibits to his complaint. Dkt. No. 1-1. The complaint does not reference these documents, and they are not in any discernable order.

The plaintiff asks for damages of either $420 million or "each defendant to pay a total of 750,000," which would amount to $3,750,000. Dkt. No. 1 at 7. He also asks the court to order Oshkosh to provide him various medical treatments and accommodations including liquid morphine, oxycodone and hydrocodone; "max protein ensure" and a high-calorie diet; a single cell on the lower-tier and a lower-bunk placement; a "19inch tv [*sic*] for vision impaired"; and various other relief "until 2029." Id. at 7–8. He also asks that each defendant be suspended

without pay for six months. Id. at 8. At the end of his request for relief, the plaintiff lists, without elaboration, legal decisions and potential claims including deliberate indifference, medical malpractice, "fraudulent writings," omission, "contributory negligence," fraud and "Hippa." Id.

   C.   Analysis

The plaintiff's primary allegation is that Dr. Wheatley, HSU Manager and Assistant Manager Ludwig and Pelky have not provided him adequate medical treatment for his various ailments. The court reviews these allegations under the Eighth Amendment, which prohibits cruel and unusual punishments. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). But not "every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id. at 105. To state a valid Eighth Amendment claim, the plaintiff must allege both that he "suffered from an objectively serious medical condition" and that the defendants were "deliberately indifferent to that condition." Petties v. Carter, 836 F.3d 722, 728 (7th Cir. 2016) (citing Farmer v. Brennan, 511 U.S. 825, 834 (1994)). To satisfy the objective component, the plaintiff must show that he had a medical condition "that is so obvious that even a lay person would perceive the need for a doctor's attention." Greeno v. Daley, 414 F.3d 645, 653 (7th Cir. 2005). "[D]eliberate indifference describes a state of mind more blameworthy than negligence." Farmer, 511 U.S. at 835. A prison official cannot be found liable under the Eighth Amendment unless he subjectively knows of an excessive risk of harm to an incarcerated person's health or safety and disregards that risk. Id. at 837; Perez, 792 F.3d at 776.

The plaintiff alleges that he had a tooth extraction in December 2021 that led to a host of medical issues, seemingly resulting from his sickle cell anemia or sickle cell disease. He says he has suffered sickle cell crises, retinopathy, nephropathy, chronic vomiting, severe chronic pain and blindness. The court finds these allegations sufficient to satisfy the objective element of an Eighth Amendment claim. See Doss v. Sweetman, No. 15-cv-6-pp, 2016 WL 5793701, at *6 (E.D. Wis. Sept. 30, 2016) (finding that sickle cell disease "is a serious condition that may result in life-threatening symptoms," which satisfies the objective element of the Eighth Amendment standard).

The plaintiff alleges that Dr. Wheatley initially treated his condition with tramadol before taking him off that medication and giving him false information about his condition. He says he has a medical team at the University of Wisconsin–Madison hospital that provided him an assessment plan. But he says the defendants have not followed that treatment plan or provided him proper medication, nutrients or follow-up appointments with his medical team. He says he has written repeatedly to Ludwig and Pelky about his medical needs, but he still is not receiving proper treatment. Although thin, at the screening stage the court finds these allegations sufficient to satisfy the subjective component of an Eighth Amendment claim. He may proceed on this claim against Wheatley, Ludwig and Pelky.

The plaintiff also appears to seek to proceed on a state law claim of medical malpractice.[1] Federal courts may exercise supplemental jurisdiction over a state law claim that is "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). Medical malpractice does not violate the Constitution. See Estelle, 429 U.S. at 106 (1976); Brown v. Peters, 940 F.3d 932, 937 (7th Cir. 2019). But the plaintiff may raise this claim under state law. Because the facts underlying the plaintiff's claim of medical malpractice are the same as those underlying his Eighth Amendment claim, the court will exercise supplemental jurisdiction over this state law claim against Wheatley, Ludwig and Pelky.

The plaintiff lists other putative claims for relief (fraud, omission, "Hippa") but does not provide any facts supporting those claims. To the extent he seeks to proceed under the Health Insurance Portability and Accountability Act (HIPAA), he does not state a claim. HIPAA does not provide citizens with a private right of action. See Carpenter v. Phillips, 419 F. App'x 658, 659 (7th Cir. 2011) (citing cases). Even if the plaintiff had alleged facts showing that one or more defendants violated HIPAA, he would not state a cognizable claim under §1983. Id.

The plaintiff does not state a claim against Warden Eplett or Michelle Hormes. The plaintiff lists these defendants in the caption of his complaint but

---

[1] The plaintiff also lists "contributory negligence" in his complaint, but that is not a claim for relief; it is an affirmative defense that the defendants may raise.

alleges nothing against them in the body of the complaint. He does not say that they were involved in his allegedly inadequate medical care or that they were responsible for what he says occurred. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional violation." Hildebrant v. Ill. Dep't of Nat. Res., 347 F.3d 1014, 1039 (7th Cir. 2003) (quoting Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996)). The complaint does not mention Eplett or Hormes and does not explain how or whether they were personally involved in the plaintiff's medical treatment. Because the plaintiff fails to connect these defendants to any allegedly unlawful conduct, he has not stated a claim against them.

The plaintiff may want to hold Eplett responsible because she was the warden at Oshkosh. But "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Iqbal, 556 U.S. at 676. The plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Id.; see Day v. Subsecretario del Sistema Penitenciario Federal, 838 F. App'x 192, 193 (7th Cir. 2021) ("Supervisors are responsible for what they do themselves, not for what their subordinates do."). The plaintiff has not stated a claim against Eplett simply by naming her and noting that she was the warden at Oshkosh.

Nor has the plaintiff stated a claim against "H. Hollander" or any of the persons listed on pages 4 through 6 of his complaint. The plaintiff does not say

who any of these persons are or how they were personally involved in his medical care, if they were involved at all. Simply listing the names of these persons without providing *any* information about their personal involvement in the alleged unlawful conduct is not enough to hold them liable under §1983. See Miller v. Smith, 220 F.3d 491, 495 (7th Cir. 2000) (explaining that a plaintiff "must establish a defendant's personal responsibility for any claimed deprivation of a constitutional right").

The court will allow the plaintiff to proceed on claims under the Eighth Amendment and state law against Dr. Wheatley, Assistant HSU Manager Pelky and HSU Manager Ludwig. He may not proceed on any other claims or against any other person. The plaintiff seeks damages, various prison and medical accommodations and an order suspending the defendants without pay. The court may be able to order the prison to provide the plaintiff the accommodations he seeks. But it has no authority to order the defendants suspended without pay. He may not proceed on that request for relief.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DISMISSES** defendants Cheryl Eplett and Michelle Hormes.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendants Dr. Phillip Wheatley, Kelly Pelky and Julie Ludwig. Under the

9

informal service agreement, the court **ORDERS** those defendants to respond to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$342.88** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Oshkosh Correctional Institution where the plaintiff is confined.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and filing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs

---

[2] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the Clerk of Court of any change of address. The court advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his address may result in the court dismissing this case without further notice.

The court will include a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that the plaintiff may find useful in prosecuting his case.

Dated in Milwaukee, Wisconsin this 3rd day of December, 2024.

BY THE COURT:

_____
HON. PAMELA PEPPER
**Chief United States District Judge**