UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARK ANTHONY SMILEY,

    Plaintiff,

v.                                            Case No. 24-CV-1192

DR. PHILLIP WHEATLEY, *et al.*,

    Defendants.

## ORDER

On October 17, 2025, the court entered an order on the defendants' motion for partial summary judgment on exhaustion grounds determining that plaintiff Mark Anthony Smiley "failed to exhaust his administrative remedies for all federal claims raised in this lawsuit." (ECF No. 58 at 12.) Because the defendants sought dismissal of only some claims, however, the court notified the parties "that it intends to dismiss this case without prejudice" and gave Smiley an opportunity to respond to the court's order and to "explain why the court should not dismiss his case without prejudice." (*Id.* at 12–13 (citing Fed. R. Civ. P. 56(f)(2)).

On October 27, 2025, the court received Smiley's timely response to the court's previous order. (ECF No. 59.) Smiley raises several points in his response, but none of them change the court's conclusion that he failed to exhaust his administrative remedies before bringing his federal complaint.

Smiley first says he "dispute[s] the reason for not appealing the reviewing authority decision for inmate complaint OSCI-2023-12181. (*Id.* at 2.) The court addressed this issue in the previous order, noting that Smiley "asserts that he did not appeal the rejection of this complaint because he saw 'no need to appeal the rejected complaint.'" (ECF No. 58 at 10.) The court explained that Smiley was required to "complete all available administrative remedies—including appeals—even if he believes doing so would be futile." (*Id.* (citing *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 537 (7th Cir. 1999)).) The court further explained that appealing this complaint would not have exhausted the issue it raised because the complaint examiner rejected it on procedural grounds. (*Id.* (citing *Durley v. Kacyon*, No. 21-CV-154-PP, 2022 WL 16530885, at *6 (E.D. Wis. Oct. 29, 2022)).) Smiley's *reason* for not appealing the rejection of OSCI 2023-12181 is immaterial. What matters is he did not appeal; and even if he had, this complaint would not have exhausted his administrative remedies.

Smiley next says he disputes "the reason for appealing the rejected inmate complaint OSCI-2024-9559." (ECF No. 59 at 2.) But as the court noted in the previous order, "The allegations in OSCI 2024-9559 do not relate to Smiley's Eighth Amendment claims, and they put the prison on notice only of his concerns with his medical records rather than with his medical treatment. This is important because quibbles about medical records do not invoke the protections of the Eighth Amendment or § 1983." (ECF No. 58 at 11–12.) Smiley confirms later in his motion that complaint "2024-9559 related to his medical file." (ECF No. 59 at 5.) So, again, Smiley's reason for appealing this rejected complaint is immaterial because "the

concerns raised in complaint OSCI 2024-9559 do not relate to the Eighth Amendment claims in Smiley's federal lawsuit" and could not have exhausted his administrative remedies. (*Id.* at 12.)

Smiley next raises concerns about complaints OSCI 2024-11037 and 2024-10358. (ECF No. 59 at 3.) But the court explained in the previous order that "OSCI 2024-10358 asserts a claim against non-defendants unrelated to his medical care, and OSCI 2024-11037 involves an alleged denial of a medical file review and not of medical care." (ECF No. 58 at 9.) Because these complaints relate to defendants or issues that Smiley is not proceeding on in this federal lawsuit, any issue he has with how they were handled is irrelevant to whether he exhausted his administrative remedies. (*See id.* at 11–12.)

Smiley reiterates the defendants' assertion that he exhausted his administrative remedies for OSCI 2024-9559 because the complaint examiner both rejected it and addressed it on the merits. (ECF No. 59 at 6 (citing ECF No. 40-4 at 9 and *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005)). Again, the court considered this position in the previous order and explained that OSCI 2024-9559 could not have exhausted Smiley's administrative remedies because it did not raise the same issues raised in his federal complaint. (ECF No. 58 at 11–12.) Smiley has offered nothing to suggest that the court's conclusions about this complaint are incorrect.

Smiley otherwise cites decisions for various general propositions of law without applying those propositions to the facts of his case or explaining why they are relevant. (ECF No. 58 at 4–5.) Smiley may be attempting to argue the merits of his Eighth

Amendment claims, but a district court "must not proceed to render a substantive decision until it has first considered [exhaustion under 42 U.S.C.] § 1997e(a)." *Perez*, 182 F.3d at 536. Because the court has determined that Smiley failed to exhaust his administrative remedies, it will not address the merits of his claims.

For the reasons explained above and in the previous order, the court will grant the defendants' motion for *partial* summary judgment but will enter judgment on *all* Smiley's Eighth Amendment claims. Because the court is dismissing all federal claims, it will relinquish jurisdiction over Smiley's claims under state law. *See* 28 U.S.C. § 1367(c)(3). The court will deny as moot Smiley's pending motions for a subpoena and to appoint counsel because it is dismissing this case.

**THEREFORE, IT IS ORDERED** that the defendants' motion for partial summary judgment on exhaustion grounds (ECF No. 37) is **GRANTED**.

**IT IS FURTHER ORDERED** that the court will enter judgment for the defendants on all Smiley's Eighth Amendment claims. *See* Fed. R. Civ. P. 56(f)(2).

**IT IS FURTHER ORDERED** that Smiley's state law claims are **DISMISSED WITHOUT PREJUDICE**. *See* 28 U.S.C. § 1367(c)(3).

**IT IS FURTHER ORDERED** that Smiley's motions for a subpoena and to appoint counsel (ECF Nos. 36, 45) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this

court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 13th day of November, 2025.

STEPHEN DRIES
United States Magistrate Judge